IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRAYDEN L. HOWES                                                                PLAINTIFF

vs.                                            Civil No. 2:19-cv-02148

ANDREW SAUL                                                                     DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Brayden L. Howes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.    Background:**

Plaintiff protectively filed his disability application on January 30, 2018. (Tr. 15).[1] In his application, Plaintiff alleges being disabled due to tinnitus, a right shoulder injury, IBS, PTSD, a broken neck at C5 and C6, and Wolff Parkinson White Syndrome. (Tr. 184). Plaintiff originally alleged an onset date of December 31, 2014 but later amended that onset date to July 31, 2014.

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself, not the ECF page number.

(Tr. 15). This application was denied initially on May 17, 2018 and was later denied again on reconsideration on August 3, 2018. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 34-74).

Plaintiff's administrative hearing was held on March 27, 2019 in Fort Smith, Arkansas. (Tr. 34-74). At this hearing, Plaintiff was present and was represented by Laura McKinnon. *Id.* Plaintiff and Vocational Expert ("VE") Larry L. Seifert testified at this hearing. *Id.*

On August 8, 2019, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 12-33). In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2014. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from his alleged onset date of December 31, 2014[1] through his date last insured of December 31, 2014. (Tr. 18, Finding 2).

The ALJ found that, through his date last insured, Plaintiff had the following severe impairments: posttraumatic stress disorder (PTSD); depressive disorder; disorder of the cervical spine; and headaches. (Tr. 18-20, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20-21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 21-27, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

---

[1] It appears the ALJ intended this alleged onset date to be July 31, 2014, which was Plaintiff's *amended* alleged onset date. Thus, the Court will make this presumption.

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except work limited to simple, routine and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes, and no more than incidental contact with coworkers, supervisors and the general public.

*Id.* The ALJ determined Plaintiff was thirty (30) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1569(c) (2008). (Tr. 27, Finding 7). As for his education, the ALJ determined Plaintiff had a high school education and was able to communicate in English. (Tr. 27, Finding 8).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 27, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, considering his age, education, work experience, and RFC. (Tr. 27-28, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering this testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as the following sedentary, unskilled occupations: (1) document preparation clerk with 30,707 such jobs in the national economy; (2) fishing reel assembler with 3,249 such jobs in the national economy; and (3) ordinance checker with 10,079 such jobs in the national economy. (Tr. 28). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from December 31, 2014[2] (alleged onset date) through December 31, 2014, his date last insured. (Tr. 28, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On

---

[2] Again, it appears the ALJ misstated Plaintiff's alleged onset date and intended July 31, 2014 as the onset date, which is the amended alleged onset date.

3

September 24, 2019, the Appeals Council denied this request for review. (Tr. 1-6). On November 26, 2019, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

4

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In his appeal brief, Plaintiff raises five arguments for reversal: (1) the ALJ erred by failing to fully and fairly develop the record; (2) the ALJ erred at Step Two of the Analysis; (3) the ALJ erred in assessing the credibility of his subjective complaints; (4) the ALJ erred in his RFC determination; and (5) the ALJ erred at Step Five of the Analysis. Because the Court finds the ALJ erred in assessing Plaintiff's RFC, the Court will only address the fourth argument for reversal.

In his appeal brief, Plaintiff claims the ALJ erred by failing to consider his low GAF scores. ECF No. 10 at 13-16. In social security cases, it is important for an ALJ to evaluate a claimant's

GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff was found to have low GAF scores on multiple occasions over the course of over a decade:

- GAF of 60 on July 16, 2008 (Tr. 1130)
- GAF of 50 on May 18, 2010 (Tr. 1444)
- GAF of 45 on June 4, 2019 (Tr. 1459)

Despite these low GAF scores, and the fact it appears Plaintiff's mental condition has deteriorated, the ALJ did not consider these scores in his RFC evaluation. (Tr. 21-27). Likewise, in his briefing, the SSA gave no explanation as to why these low GAF scores were not explicitly considered in the ALJ's disability determination. *See* ECF No. 11. Accordingly, because the ALJ was required to evaluate these low GAF scores and provide reasons for discounting them but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 30th day of September 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE